**Greg G. GREEN, Plaintiff,**

v.

**SAUDER MOULDINGS, INC., et al., Defendants.**

**No. CIV.A. 304CV264.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 18, 2004.

---

---

William Brent Kilduff, Emroch & Kilduff LP, Richmond, VA, for Plaintiff.

William Francis Drewry Gallalee, Harold Edward Johnson, Mary Eve Grandis Campbell, Williams Mullen, John Michael Fitzpatrick, Erik David Nadolink, Leclair Ryan PC, Richmond, VA, William Edgar Spivey, Richard Johan Conrod, Jr., Kaufman & Canoles PC, Norfolk, VA, for Defendants.

### *MEMORANDUM OPINION*

**(Cross Motions for Summary Judgment on Counterclaim for Indemnification)**

HUDSON, District Judge.

This is essentially an action for negligence, with associated warranty claims, arising from a tip-over accident with a boom lift resulting in significant personal injuries. At issue is the counterclaim filed by United Rentals Incorporated and United Rentals North America (together referred to as "United"), against Sauder Mouldings, Incorporated ("Sauder"), responsive to the cross-claim filed by Sauder against United. In its counterclaim, United alleges that Sauder is contractually obligated to indemnify and hold United harmless for the claims made against United by the Plaintiff, Greg G. Green ("Green"). All parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process.

The counterclaim is predicated principally upon the indemnity provision contained in a lease agreement ("Lease Agreement"), between Sauder and United, covering the rental of the boom lift, which allegedly caused Plaintiff's injuries in this case. Both United and Sauder move the Court for summary judgment on United's counterclaim.

On August 6, 2004, after reviewing memoranda of counsel and hearing oral argument, this Court denied Sauder's Motion to Dismiss filed under Federal Rule of Civil Procedure 12(b)(6) (hereinafter "Fed. R.Civ.P."), addressing the facial legality of the indemnity provision in the lease contract. In urging the Court to grant its Motion to Dismiss, Sauder relied in large measure on the holding of the Supreme Court of Virginia in *Hiett v. Lake Barcroft Cmty. Ass'n,* 244 Va. 191, 418 S.E.2d 894 (1992). In *Hiett,* the Supreme Court of Virginia observed that "an agreement entered into prior to any injury, releasing a tortfeasor from liability for negligence resulting in personal injury, is void because it violates public policy." 244 Va. at 194, 418 S.E.2d at 895. At the August 6, 2004 hearing, this Court denied Sauder's Motion to Dismiss and ruled that the indemnity provision was neither violative of Virginia's public policy, nor unconscionable, on its face. In explaining its rationale, the Court stated that it could find nothing in Virginia law which prohibited two sophisticated business entities from negotiating an indemnity provision in a lease contract. Presumably, such a concession would argu-

ably be a basis for the bargain ultimately struck between the parties.

At this stage of the proceedings, the facts of this case are more sharply in focus. It appears from the undisputed facts that when the boom lift was delivered to the Sauder facility by United, David Leichssenring, an employee of Sauder, was told that in order to accept delivery, he must sign the Lease Agreement. He was never told that the reverse side of the document contained additional terms and conditions. Leichssenring was never specifically advised of the indemnification provision; the provision was never discussed, much less negotiated. He simply signed the document as instructed. (Leichssenring Aff. ¶¶ 1, 3, 4, 5 of Exh. B attached to Sauder's Brief in Opp. to United's Motion for Summary Judgment on Counterclaim.)

In the immediate motion, Sauder again challenges the indemnity provision under the wider setting of Fed.R.Civ.P. 56. Sauder assails the indemnity provision on four (4) separate fronts: (1) that the indemnity provision is void as violative of public policy; (2) that it is void as unconscionable; (3) that strictly construed, it does not shield United from liability; and (4) that it specifically violates Section 11–4.1 of the Code of Virginia. United's Motion for Summary Judgment is almost the exact converse. Logically, if Sauder's arguments lack merit, United prevails by default.

In ruling on Sauder's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), the Court was tasked to determine whether it appeared beyond doubt that United could "prove no set of facts in support of his claim that would entitle him to relief." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1992), *cert. denied,* 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957)). The Court was also required to limit its analysis to the boundaries of the pleadings. On summary judgment, that information base is enlarged considerably to include responses to discovery, in the nature of affidavits and deposition testimony. Based on the present posture of the case, this Court believes that the cross motions for summary judgment are governed by the holding in *Hiett.*

The language of paragraph 4 of the Lease Agreement is broad enough to encompass both a pre-injury release for acts of negligence, as well as indemnification. It is this Court's belief that in the context of business negotiations, two entities, as part of the bargain, can agree to an indemnification provision. That, of course, is not the case here. In the instant case, the indemnification clause was not bargained for or negotiated, and represents more of a unilateral release provision. The Court is not convinced that a unilateral agreement releasing a tortfeasor from liability for negligence resulting in personal injury, is legally valid under Virginia law. As the Supreme Court of Virginia noted in *Johnson's Adm'x v. Richmond and Danville R.R. Co.,* 86 Va. 975, 978, 11 S.E. 829, 830 (1890):

> [T]o uphold the stipulation in question would be to hold that it was competent for one party to put the other parties to the contract at the mercy of its own misconduct, which can never be lawfully done where an enlightened system of jurisprudence prevails. Public policy forbids it, and contracts against public policy are void.

The public policy prohibition on exculpatory contract clauses has been restated with approval by two other judges of the United States District Court for the Eastern District of Virginia. *Reighard v. Limbach Co., Inc., et al.,* 158 F.Supp.2d 730, 733 (E.D.Va.2001); and *Reibold v. Simon*

*Aerials, Inc.,* 859 F.Supp. 193, 198 (E.D.Va.1994).

The Court is, therefore, of the opinion that paragraph 4 of the Lease Agreement, which provides for both pre-injury release and indemnification under the facts of this case, is violative of the public policy of the Commonwealth of Virginia, and is thus void.

An appropriate Order will accompany this memorandum opinion.